**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4306

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ARUN DHAVAMANI,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:19-cr-000159-1)

Argued:  September 24, 2021                          Decided:  October 14, 2021

Before GREGORY, Chief Judge, and MOTZ and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion by unpublished per curiam opinion.

**ARGUED:**  Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Jennifer Rada Herrald, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.  **ON BRIEF:** Wesley P. Page, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC

DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Arun Dhavamani of traveling in interstate commerce with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Dhavamani appeals, primarily arguing that federal agents intentionally manufactured jurisdiction in this case, by luring him from one state to another. For the reasons that follow, we vacate and remand for a factual finding as to whether law enforcement officers changed the agreed meeting location from West Virginia to Virginia for the sole purpose of creating federal jurisdiction. We affirm in all other respects.

## I.

This case arises from the work of a joint state and federal law enforcement taskforce that investigates Internet crimes involving children. Law enforcement officers created a fictitious profile for a woman named "Ally" on Skout, a social media and online dating application. Dhavamani used Skout to reach out to several women including "Ally," who was actually an undercover law enforcement officer. "Ally's" profile listed her age as eighteen, but in subsequent communications via text, "Ally" told Dhavamani that her age was fifteen.

The two agreed to meet in person; "Ally" chose the meeting location — the recreation center in Bluefield, West Virginia. As Dhavamani drove to meet her, "Ally" changed the meeting place to just across the state border — the college tennis courts in Bluefield, Virginia, 1.3 miles from the original location. Once at the new location, Dhavamani called "Ally" and received no answer. As he began to drive back to West Virginia, law enforcement officers arrested him.

3

## II.

Dhavamani principally argues that government agents improperly manufactured jurisdiction in this case and so the district court erred in declining to vacate his conviction. Because Dhavamani did not make this argument in the district court, we review for plain error. To prevail, Dhavamani must demonstrate that there was an error that was "plain" and "affect[ed] substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993). Further, we will not recognize even a plain error "unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

In this circuit, the manufactured jurisdiction doctrine prohibits government agents from manipulating events to create the interstate element of a crime "for the sole purpose of transforming a state crime into a federal crime." *United States v. Davis*, 855 F.3d 587, 592 (4th Cir. 2017); *see also United States v. Coates*, 949 F.2d 104, 106 (4th Cir. 1991) (In finding manufactured jurisdiction, "[w]e rely entirely on the fact that the only reason the sole jurisdictional link occurred here was that it was contrived by the government for that reason alone."); *United States v. Brantley*, 777 F.2d 159, 163 (4th Cir. 1985); *United States v. Brinkman*, 739 F.2d 977, 982 (4th Cir. 1984).[*]

---

[*] This standard for finding manufactured jurisdiction is the minority view. Our sister circuits have narrowed the manufactured jurisdiction doctrine to exclude cases such as this one, where a defendant voluntarily completes the interstate element of the offense, regardless of the Government's motive. *See, e.g., United States v. Al Kassar*, 660 F.3d 108, 120 (2d Cir. 2011) ("[E]ven if the government initiates an essential element of a crime, jurisdiction is not manufactured if the defendant then takes voluntary actions that implicate the government-initiated element."); *United States v. Taplet*, 776 F.3d 875, 882 (D.C. Cir. 2015); *United States v. Clark*, 62 F.3d 110, 114 (5th Cir. 1995). Of course, this panel must follow circuit precedent.

The district court overlooked this body of law. The court believed that "there is no law or policy preventing the government and its agents from operating to create federal jurisdiction in this manner" and that the court was "stuck with that." This constitutes plain error; it affects Dhavamani's substantial rights, and because it misstates the law governing federal jurisdiction, seriously affects the fairness, integrity and public reputation of judicial proceedings.

The proper inquiry turns on a factual question: did government agents supply the interstate element for the sole purpose of creating federal jurisdiction? *See Davis*, 855 F.3d at 592; *Coates*, 949 F.2d at 106; *Brantley*, 777 F.2d at 163; *Brinkman*, 739 F.2d at 982. The district court must make a finding of fact as to whether the Government deliberately manufactured jurisdiction solely to create federal adjudication of the case.

At trial, two law enforcement officers provided different explanations for the change in meeting location. Lieutenant Gary Weaver testified that: "There were a couple of concerns after we had set up that location. We had a couple of concerns. First of all, it was a summer night. A rec center, there may possibly be other kids around in that location and probably wasn't a -- tactically a good idea to have someone come in that was, you know, looking for a minor into that, so we tried to set up a different location that was a little bit more secure for us and for the general public." But State Trooper Jillian Yeager testified that the sole reason for changing the meeting location was to get Dhavamani across the state line and make this a federal case.

To determine whether law enforcement officers improperly manufactured jurisdiction, the district court had to assess the credibility of these two witnesses. Although

5

the district court commented in passing that bringing the case in federal court was "the only motive" for "encourag[ing] the defendant to cross the state line," it did so in the context of believing such conduct was legal. We must remand this case for the district court to make a finding, under the correct legal standard, of whether the Government in fact changed the meeting location for this reason alone.

If the district court finds the Government changed the meeting location solely to create federal jurisdiction, the court should apply the manufactured jurisdiction doctrine, vacate the conviction, and dismiss for lack of federal jurisdiction in accordance with our precedent. If the district court does not so find, the manufactured jurisdiction doctrine offers Dhavamani no assistance.

## III.

Turning to Dhavamani's other arguments on appeal, we find all of them meritless.

First, Dhavamani contends that the district court committed plain error in sua sponte declining to excuse Juror Lee for cause. When a juror swears he can set aside a personal opinion and decide a case fairly, we give a district court's credibility determination as to whether to believe the juror special deference. *See Patton v. Yount*, 467 U.S. 1025, 1038 (1984); *United States v. Smith*, 919 F.3d 825, 834-35 (4th Cir. 2019). During individual voir dire, Juror Lee said he could put aside his personal views and act impartially. Accordingly, the district court did not commit plain error in allowing Juror Lee to serve on the jury.

Nor can Dhavamani prevail on his related ineffective assistance of counsel claim. To do so, in the first instance on direct appeal, the record must conclusively show that

counsel was constitutionally ineffective. *See United States v. Alerre*, 430 F.3d 681, 688-89 (4th Cir. 2005). Decisions as to when and how to use peremptory strikes are matters of trial strategy. We cannot say that the record conclusively shows that counsel's decision to use peremptory strikes for other jurors and not Juror Lee was constitutionally ineffective.

Finally, while the evidence in this case is not particularly strong, Dhavamani's sufficiency argument also fails. "We uphold a jury verdict based on substantial, even if circumstantial, evidence, viewing the evidence in the light most favorable to the Government." *United States v. Hamilton*, 701 F.3d 404, 409 (4th Cir. 2012). To establish a violation of 18 U.S.C. § 2423(b), the prosecution must prove that the defendant traveled across state lines with the intent to engage in illicit sexual conduct — here, sexual conduct with a minor. Dhavamani traveled across state lines and a reasonable juror could have determined, based on "Ally's" communications, that she told him two separate times that she was only fifteen years old. As to whether Dhavamani traveled to Virginia with the requisite intent, the conversations between Dhavamani and "Ally," particularly the exchange concerning "Ally's" fears about pregnancy and Dhavamani's assurance that they could use protection, provided sufficient evidence from which the jury could infer that Dhavamani intended to engage in illicit sexual conduct with "Ally."

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED FOR FURTHER PROCEEDINGS*
*CONSISTENT WITH THIS OPINION.*